IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIE SMITH, #040330,
    Plaintiff,

vs.                                              Case No.:  5:07cv27/RS/EMT

WARDEN HARRIS, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

        Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a complaint (Doc. 1).  He has also submitted a Prisoner Consent Form and Financial Certificate (Doc. 2).

        The court takes judicial notice of three cases previously filed by Plaintiff in the United States District Court for the Northern District of Florida, Case Nos. 5:02cv43/MMP, 5:02cv22/MMP, and 5:02cv44/MMP, which have been previously dismissed by the district court as frivolous, a malicious abuse of the judicial process, and for failing to state a claim upon which relief may be granted.[1]  *See* Smith v. Henderson, No. 5:02cv43/MMP (N.D. Fla. Mar. 6, 2002); Smith v. Harrison, No. 5:02cv22/MMP (N.D. Fla. Apr. 23, 2002); Smith v. Moore, No. 5:02cv44/MMP (N.D. Fla. Mar. 8, 2002).  Plaintiff was incarcerated at the time of filing each of those cases.

        Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

---

[1]The inmate identification number of Plaintiff in the instant case is the same as the inmate identification number supplied by the plaintiffs in the complaints filed in the other three cases.

malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Plaintiff's status as a "three striker" has been recognized by this court.  Smith v. Collins, No. 4:06cv98/SPM/WCS (N.D. Fla. Apr. 5, 2006) (*see* Doc. 6).

In the instant complaint, Plaintiff states that Defendants have threatened him with bodily harm, death, and "the hookup" (placement in confinement on false charges) if he wrote grievances at Washington Correctional Institution (Doc. 1 at 7).  Plaintiff specifically alleges the following:

 (1)  on August 5, 2006, Defendant Dunlap searched Plaintiff and subjected him to racial slurs and death threats because he heard Plaintiff talking about past grievances he wrote;

 (2)  on November 2, 2006, Defendant Murray forced him to stand and lean against a rail for fifty-five (55) minutes, even though Plaintiff has a medical pass relieving him from standing for more than twenty (20) minutes, and Murray told the officer next to her that she did so because Plaintiff was a "writ writer";

 (3) on November 6, 2006, Defendant Copeland investigated a grievance filed by Plaintiff and told Plaintiff that the next time he wrote a grievance, he (Copeland) would take him to confinement, "kick [his] ass," and "hook [him] up";

 (4) on November 15, 2006, Nurses Ivey and Hall told Plaintiff they wrote a bogus "CC" on him because they wanted him to see how it felt to be written up;

 (5)  on December 1, 2006, Defendants Durrance and Bush "shook down" Plaintiff's cell because he complained to another officer about Durrance's turning on fans in the dormitory during cold weather; additionally, Defendants Durrance and Bush destroyed and confiscated some of Plaintiff's property, and Defendant Bush wrote a false "CC" stating that Plaintiff had thirty-two "request slips," when Plaintiff had only eight;

 (6) on December 18, 2006, Defendant Chestnut awoke Plaintiff by opening and slamming his cell door, and when Plaintiff complained, Defendant Chestnut spit in his face, subjected him to racial slurs, and threatened to place him in confinement if he filed a grievance;

(7) on December 20, 2006, Defendant Chestnut again awoke Plaintiff and told him she read and discarded his correspondence to the Florida Governor's Office and the Florida Department of Law Enforcement (FDLE) regarding her conduct on December 18;

(8) on December 23, 2006, January 3, 2007, and January 21, 2007, Defendant Ford subjected Plaintiff to racial slurs and threatened his with physical violence, death, and "hook up" because Plaintiff complained to the Governor's Office and FDLE about Defendant Chestnut's conduct;

(9) on January 16, 2007, Plaintiff told Defendant Rozier that he had a medical pass for no prolonged standing, and after identifying Plaintiff as "Mr. Writ Writer," Rozier told Plaintiff to stand in line with the rest of the inmates waiting for breakfast or "lie down in confinement"; and

(10) on January 20, 2007, Defendant Roche confiscated Plaintiff's radio because he was a "writ writer"

(Doc. 7 at 7, 7-A, 7-B, 7-C).

Plaintiff claims that Defendants' conduct violates his First Amendment right to seek redress of grievance and access to the courts, and his Eighth Amendment right to adequate medical care (*id.* at 8). As relief, Plaintiff seeks monetary damages, return of his confiscated property, replacement of his radio and glasses that were broken during the cell search, and an injunction preventing staff from opening, reading, or discarding legal or "privileged" mail (*id.*).

Plaintiff subsequently filed a Motion for Protective Injunction requesting protection for himself and two other inmates who witnessed similar conduct of Defendants and have been threatened (Doc. 3). He also filed an Emergency Request for Injunction or Restraining Order requesting an injunction enjoining Mrs. Jenkins, who is not a named Defendant, from operating the law library because she refused to copy and subsequently shredded witness statements obtained by Plaintiff to send to the court, the Secretary of the Department of Corrections, and "Risk Management" (Doc. 5).

The issue before the court is whether Plaintiff is under imminent danger of serious physical injury and, therefore, entitled to proceed in forma pauperis. Circuit court cases have been helpful

in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis. According to the Eleventh Circuit, in Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint).

      Case law pertaining to prisoners with disabilities and ongoing medical conditions is particularly relevant to the inquiry in the instant case, since Plaintiff suggests he has a medical condition which prohibits him from standing for prolonged periods. In Brown, the prisoner alleged that he had HIV and hepatitis but was prevented from continuing to take prescribed treatments. As a result, he suffered prolonged skin and scalp infections, severe pain in the eyes and vision problems, fatigue, and prolonged stomach pains and was at risk for "opportunistic infections, such as pneumonia, esophageal candidiasis, salmonella, and wasting syndrome." 387 F.3d at 1350. According to the Eleventh Circuit, "[v]iewed together, the afflictions of which [the plaintiff] currently complains, including his HIV and hepatitis, and the alleged danger of more serious afflictions if he is not treated constitute imminent danger of serious physical injury." *Id. See also* Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (applying exception in response to allegations

that denial of medication for bipolar disorder, attention deficit hyperactivity disorder, and panic disorder caused prisoner to suffer heart palpitations, chest pains, labored breathing, choking sensations, and paralysis in his legs and back); Fuller v. Myers, 123 Fed. Appx. 365, 366–367 (10th Cir. 2005) (applying exception where prisoner suffered from breathing difficulties and other respiratory problems and had been under treatment of physician for this problem for more than twenty years, including the use of prescribed inhaler when ventilation system exacerbated his breathing difficulties and caused severe headaches and nose bleeds); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002) (holding that prisoner's alleged need of two additional dental extractions and resulting spreading infection in the mouth is sufficient imminent danger); Voth v. Lytle, 2005 WL 3358909 at *1 (D. Or. Dec. 8, 2005) (imminent danger found where Plaintiff experienced severe pain and constant rectal bleeding for four months and believed something had ruptured in his lower stomach).

In the instant case, although Plaintiff suggests he has a medical condition that prohibits prolonged standing, he does not allege that the condition is of the type of serious injury that has been recognized by the courts, as described *supra*. Furthermore, Plaintiff has not alleged facts suggesting that his medical condition worsened since Defendants Rozier and Murray required him to stand during the incidents in November of 2006 and early January of 2007.

Additionally, Plaintiff's allegations of racial slurs and threats of bodily harm and death do not support application of the imminent danger exception. Plaintiff does not allege facts showing that the threats were accompanied by conduct supporting the credibility of the threats, or that there is any indication that the threats were anything more than idle. Indeed, Plaintiff alleges that he wrote complaints, grievances, and even filed this lawsuit in the midst of the threats, thereby indicating that he did not consider the threats to be serious.

Finally, Plaintiff's assertions regarding the confiscation and destruction of his property and the reading and destruction of his mail do not show support a showing of imminent danger of serious physical injury to his person.

In sum, Plaintiff's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest that he is under imminent danger of serious injury. Therefore, Plaintiff may not proceed in forma pauperis. A prisoner who is no longer entitled to proceed in

forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).

Accordingly, it is respectfully **RECOMMENDED**:

1. That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

2. That all pending motions be **DENIED** as moot.

At Pensacola, Florida, this 20th day of February 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**